# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DONALD EDWARDS**, | ) |
| Petitioner, | ) Case No. 7:07CV00532 |
| v. | ) **OPINION** |
| **UNITED STATES OF AMERICA**, | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Respondent. | ) |

*Donald Edwards, Petitioner Pro Se.*

Donald Edwards, a federal inmate, filed this action as a "MOTION FOR APPROPRIATE RELIEF TO REMEDY A MANIFEST INJUSTICE AND OR IN THE ALTERNATIVE A MISCARRIAGE OF JUSTICE." Because his claims appeared to be challenging the validity of his current criminal sentence,[1] the court construed and filed the action conditionally as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West 2006). Edwards was notified of this construction of the motion, informed him of the time limits for filing a § 2255 motion, and gave him ten days in which to elect whether or not he wished to have his motion addressed under § 2255. He has responded, stating that he "would like the court to

---

[1] In addition to challenging his own confinement, Edwards asks the court to review and reduce the sentences of imprisonment that his father and brother received. Edwards is advised that § 2255 does not authorize an inmate to challenge the validity of another person's sentence.

consider [his] case within the meaning of due process of the law" and offering several reasons that the court should do so, despite the fact that he did not file the petition on time. I find this response to be Edwards's election to have his motion considered as one arising under § 2255. Upon review of the record, however, I find that his § 2255 motion is untimely and will accordingly dismiss it.

I

Edwards pleaded guilty on January 22, 2001, to conspiracy to possess with intent to distribute crack cocaine and use of a firearm during a drug trafficking crime. On April 24, 2001, I sentenced Edwards to 240 months imprisonment. Edwards did not appeal.

Edwards signed the present motion, which I have construed under § 2255, on October 23, 2007. In the motion, he contends, in brief, that it is unconstitutional to imprison him for such a long time for offenses committed when he was so young. He explains that as a youth, he was misled by the public media, particularly "gangsta" rap, to the point that he did not know right from wrong. He also alleges that counsel was ineffective for failing to advise the court of Edwards's mental disability, for failing to ensure that Edwards understood the proceedings or knew what conspiracy meant, and for failing to advise Edwards that he did not have to incriminate himself

- 2 -

when talking to the probation officer during preparation of the Presentence Report. Edwards claims that as a result of counsel's shortcomings, he did not know what he was doing when he pled guilty and said things to the probation officer that caused his sentence to be increased. He remembers that in pronouncing sentence, I stated my regret that the sentencing guidelines required me to impose such a harsh sentence on a person so young.[2] He asks the court, under its inherent authority to do justice, to reduce his sentence and release him from prison.

II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

(1)  the date on which the judgment of conviction becomes final;[3]

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

---

[2] Edwards states that he was 19 years old at the time of sentencing.

[3] A defendant's conviction becomes final when his opportunities for direct review are exhausted. *Clay v. United States*, 537 U.S. 522, 525 (2003).

- 3 -

> Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255 para 6. If the district court gives the petitioner notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the petitioner fails to make the requisite showing, the district court may summarily dismiss the motion. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Mere lack of knowledge as to a statutory deadline for filing for federal habeas relief or unfamiliarity with the legal

process does not support granting such extraordinary relief. *See Harris*, 209 F.3d at 330.

III

Under these principles, I find that this action was untimely filed. The convictions under which Edwards is confined became final on May 8, 2001, ten days after I entered judgment, when Edwards's opportunity to file a direct appeal expired. Edwards filed his § 2255 claims in October 2007, more than six years after his conviction became final. Clearly, his motion is untimely under § 2255 para. 6(1).

Edwards contends that he should receive the benefit of a subsequent change in the law that made the federal sentencing guidelines advisory instead of mandatory. Because of my statements of regret about his mandatory sentence, he believes I can now modify his sentence under the advisory guidelines. For a claim based on new law, the § 2255 filing limit is calculated from the date on which the law changed. On January 12, 2005, the United States Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), which held, among other things, that the sentencing guidelines must be advisory. *Booker* cannot provide grounds for the relief Edwards seeks, however. Because his conviction became final before the Court decided *Booker*, that decision does not apply retroactively to his case on collateral review. *See United*

*States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005). In any event, Edwards did not file his § 2255 claims within one year of January 12, 2005, when *Booker* issued.

Edwards makes several arguments as to why he believes the court should address his claims even if they are untimely: (1) he is not a lawyer or a learned person; (2) he has a constitutional right to petition the court for redress of grievances and habeas corpus may not be suspended; (3) no one at trial told him that he had a right to file a § 2255 motion within one year; (4) he did not know until 2007 about the statute of limitations for filing a § 2255 motion; (5) he suffered a mental disability at the time of sentencing, and if counsel had so informed the court, his sentence would have been reduced; (6) he did not know of his right not to incriminate himself in talking to the probation officer; (7) he did not know the legal definition of conspiracy when he pleaded guilty; (8) he did not know his rights under the Bill of Rights when he was arrested; and (9) he, his parents, and brother did not go "out to recover drugs or drug money."

I find no ground warranting invocation of equitable tolling here. First, neither a mental disability Edwards may have had at trial nor issues that he now claims not to have understood about his charges support a finding that he was prevented in any way from pursuing timely, post-conviction relief from the court. Second, his lack of legal knowledge and education and his late discovery of § 2255 and its provisions are

not sufficient grounds for tolling. Third, the fact that neither the court nor counsel informed Edwards about § 2255 motions at the time of trial certainly did not prevent him from investigating post-conviction remedies on his own.[4] Finally, contrary to his assertions, the time limit for filing a § 2255 motion is not an unconstitutional suspension of the writ of habeas corpus. *See, e.g., Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000) (finding that § 2255 statute of limitations only alters the procedure for bringing habeas petition and does not unconstitutionally suspend the writ).

IV

For these reasons, I find no ground upon which the present motion might be deemed timely filed or on which Edwards is entitled to equitable tolling. Accordingly, the § 2255 motion will be dismissed.

A separate Final Order will be entered herewith.

ENTER: December 12, 2007

/s/ JAMES P. JONES
Chief United States District Judge

---

[4] Inmates have no constitutional right to counsel (or to the effective assistance of counsel) in relation to post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Rouse*, 339 F.3d at 250.